UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIRGINIA T DUNN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0967-B |
| | § | |
| BRADLEY B MILLER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION ORDER

Before the Court is Bradley Miller's Motion for Stay of Proceedings and Motion to Vacate State Court Order, Doc. 32, and Emergency Motion for Stay of Proceedings and Motion to Vacate State Court Order, Doc. 33. For the reasons that follow, the Court **DENIES** both motions.

The Court has remanded this case because it lacks subject matter jurisdiction over Mr. Miller's claims. Doc. 30, Order. But after the Court remanded and closed this case, Mr. Miller filed two motions in which he asks the court to stay the pending state-court child-custody proceedings and vacate the temporary restraining order the state court issued on May 17, 2018. Doc. 32, Mot., 5; Doc. 33, Mot., 2. Even if the Court retained jurisdiction over this case it does not have the authority to rule on Mr. Miller's motions.

Mr. Miller's motion necessarily implicates the Anti-Injunction Act (AIA), 28 U.S.C. § 2283. The AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Act "has

been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131–32 (5th Cir. 1990). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

The Court denies Mr. Miller's motions because the AIA prevents the Court from granting the relief sought. There are exceptions to the AIA that would nevertheless allow the Court to grant the Mr. Miller's request, *Phillips*, 894 F.2d at 131–32, but Mr. Miller has not alleged the exceptions apply. Thus, the Court **DENIES** Bradley Miller's Motion for Stay of Proceedings and Motion to Vacate State Court Order, Doc. 32, and Emergency Motion for Stay of Proceedings and Motion to Vacate State Court Order, Doc. 33

**SO ORDERED**.

**SIGNED: May 30, 2018**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE